**BRENNA BIRD**
ATTORNEY GENERAL

**ERIC H. WESSAN**
SOLICITOR GENERAL



1305 E. WALNUT ST.
DES MOINES, IA 50319
515-281-5164
www.iowaattorneygeneral.gov

**IOWA DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

June 7, 2024

Maureen W. Gornik                    *Via ECF*
Acting Clerk of the Court
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: Appellees' Notice of Supplemental Authority, No. 24-1075

Appellants respond to Appellees' Rule 28(j) submission of *Little v. Llano Cnty.*, 2024 WL 2860213 (5th Cir. June 6, 2024). *Little* relates to a Texas school library removing seventeen books. The fractured court included two judges agreeing that school libraries may remove "sexually explicit" children's books. *See id.* at *14 n.4 (Duncan, J., dissenting) (citing *id.* at *11) (Southwick, J., concurring in part).

Importantly, *Little* affirmed the principle that schools may remove pervasively vulgar books. And it allowed the Llano County school district to keep such books off its shelves. *Id.* at *8. *Little* applied binding Fifth Circuit precedent to find that removing some books from school libraries with "unconstitutional motivation[s]", *id.* at *8, violated the First Amendment when those removals related to a school librarian imposing an orthodoxy on the library. *Id.* at *6.

The divided opinion created a complex set of rules, made more complex by the majority's judges disagreeing on how to apply those rules. *Id.* at *11 (Wiener, J.). One judge would have asked the defendants to return seventeen books to their shelves, one judge to return eight, and one judge (in dissent) would find public library curation is government speech and would reshelve no books. *Id.* at *11–12 (all opinions).

Rather than get involved in a jurisprudential "train wreck" the dissent counseled that a "public library's choice of some books for its collection, and its rejection of others, is government speech." *Id.* at *14 (Duncan, J., dissenting). Even if not, two of the panel's judges agreed that schools could remove books for being "juvenile" because that did not constitute "a dislike for the ideas within them." *Id.* at *11 (Southwick, J., concurring in part).

Ultimately, *Little* straightforwardly applied *Campbell*, which attempted to discern the defendants' "substantial motivation." *Id.* at *7 (Wiener, J.). Unlike there, when a single actor's motivation could be discerned, the Iowa Legislature did not identify *any* book to remove based on viewpoint or ideas. There is no pall of orthodoxy—just a call for neutral application of a rule precluding age-inappropriate books from being provided by public school libraries.

Respectfully submitted,

/s/ *Eric Wessan*
ERIC WESSAN
Solicitor General

cc : All counsel of record (via CM/ECF)

## Certificate of Service

I, Eric Wessan, hereby certify that on June 7, 2024, I electronically filed the above Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j) with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. Pursuant to Rule 28(j), this brief contains 348 words. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Eric Wessan*
ERIC WESSAN
Solicitor General