

**ArentFox Schiff LLP**
233 South Wacker Drive
Suite 7100
Chicago, IL  60606

312.258.5500   **MAIN**
312.258.5600   **FAX**

afslaw.com

**Frederick J. Sperling**
Partner
312.258.5608   **DIRECT**
frederick.sperling@afslaw.com

June 10, 2024

VIA CM/ECF

Maureen W. Gornik
Acting Clerk of the Court
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, Missouri 63102

Re: <u>ISS Plaintiffs-Appellees' Notice of Supplemental Authority, No. 24-1082</u>

Dear Ms. Gornik:

The Penguin Random House Plaintiffs-Appellees respond to the ISS Plaintiffs-Appellees' Rule 28(j) Submission concerning *Little v. Llano County*, 2024 WL 2860213 (5th Cir. June 6, 2024).[1]  The Fifth Circuit's ruling supports affirmance of the district court's order enjoining the book-removal provisions of Senate File 496 for at least three reasons.

First, consistent with the district court's order and the orders of every other court that has addressed the issue, the Fifth Circuit rejected the argument that the government speech doctrine applies to library books.  *Id*. at *7.  *See also* PRH Resp. Br. at 14 (collecting cases in which courts held that First Amendment rights exist in libraries, including school libraries, and noting that "[n]o court has ever held that the First Amendment does not apply in school libraries").

Second, *Llano County* concerned a librarian's decision to remove seventeen books from the children's section of a county library in which the *librarian's* motivation for the removal of the books was at issue.  In contrast, Senate File 496 is a statewide mandate that requires the removal of hundreds of books that librarians had selected, without any consideration of their value.  Even the dissenting judge in *Llano County* objected to "issu[ing] 'rules' for when librarians can remove books

---

[1] The ISS Plaintiffs-Appellees' Rule 28(j) Submission and Defendants-Appellants' Response were filed concurrently in Case Nos. 24-1075 and 24-1082.



from the shelves and when they cannot," noting that "public libraries have 'broad discretion' over which materials they make available." 2024 WL 2860213 at *12, 16. Senate File 496 removes that discretion from educators and librarians. *See* PRH Resp. Br. at 30-31.

Third, Defendants-Appellants now endorse a standard that permits the State to require the removal of books that are "pervasively vulgar." Resp. at 1. But that standard is nowhere to be found in Senate File 496. Instead, Senate File 496 contains overbroad and vague standards for the removal of books from school libraries that violate the First Amendment.

Respectfully submitted,

*/s/ Frederick J. Sperling*

Frederick J. Sperling

cc: All counsel of record via CM/ECF

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of the letter contains 322 words.

/s/ Kirstie Brenson
Kirstie Brenson

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kirstie Brenson
Kirstie Brenson