No. 24-1082

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Penguin Random House, LLC, et al.,
Plaintiffs-Appellees

v.

John Robbins, in his official capacity as President
of the Iowa State Board of Education, et al.,
Defendants-Appellants

---

Appeal from the United States District Court for the
Southern District of Iowa
Case No. 4:23-cv-00478
The Honorable Stephen H. Locher

---

## PLAINTIFFS-APPELLEES' MOTION
## FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
## TO CORRECT MISSTATEMENT AT ORAL ARGUMENT

Frederick J. Sperling
Adam J. Diederich
Kirstie Brenson
Meera Gorjala
ARENTFOX SCHIFF LLP
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
(312) 258-5500

Mark E. Weinhardt
Todd M. Lantz
Jason R. Smith
THE WEINHARDT LAW FIRM
2600 Grand Avenue, Suite 450
Des Moines, Iowa 50312
(515) 244-3100

Christy A.A. Hickman
Becky S. Knutson
Katherine E. Schoolen
Iowa State Education Association
777 Third Street
Des Moines, Iowa 50309
(515) 471-8004

*Counsel for Plaintiffs-Appellees*

Pursuant to Federal Rule of Appellate Procedure 27, Plaintiffs-Appellees (the "Penguin Plaintiffs") move this Court for leave to file the Supplemental Brief attached hereto as Exhibit A to correct a misstatement made by Defendants-Appellants at oral argument concerning whether the Penguin Plaintiffs apprised the district court of the proper standard for facial challenges to First Amendment restrictions.

The Penguin Plaintiffs' Supplemental Brief corrects this misstatement and addresses this important issue that became the focus of the Court's questions during oral argument by the Penguin Plaintiffs due in part to the erroneous statement that the Penguin Plaintiffs had failed to apprise the district court of the proper standard for a First Amendment facial challenge.

Wherefore, the Penguin Plaintiffs respectfully request that the Court grant them leave to file the Supplemental Brief attached hereto as Exhibit A.

Dated: June 18, 2024

/s/ Frederick J. Sperling  
Frederick J. Sperling  
Adam J. Diederich  
Kirstie Brenson  
Meera Gorjala  
ArentFox Schiff LLP  
233 South Wacker Drive, Suite 7100  
Chicago, Illinois 60606  
Tel: (312) 258-5500  
frederick.sperling@afslaw.com  
adam.diederich@afslaw.com  
kirstie.brenson@afslaw.com  
meera.gorjala@afslaw.com  

Mark E. Weinhardt  
Todd M. Lantz  
Jason R. Smith  
The Weinhardt Law Firm  
2600 Grand Avenue, Suite 450  
Des Moines, Iowa 50312  
Tel: (515) 244-3100  
mweinhardt@weinhardtlaw.com  
tlantz@weinhardtlaw.com  
jsmith@weinhardtlaw.com  

*Attorneys for Plaintiffs- Appellees*

Christy A.A. Hickman  
Becky S. Knutson  
Katherine E. Schoolen  
Iowa State Education Association  
777 Third Street  
Des Moines, Iowa 50309  
Tel: (515) 471-8004  
christy.hickman@isea.org  
becky.knutson@isea.org  
katie.schoolen@isea.org  

*Attorneys for the Educator Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27 and 32, I hereby certify that this filing complies with all applicable typeface and formatting requirements and that it contains 135 words, as determined by the word-count feature of Microsoft Word.

/s/ Kirstie Brenson
Kirstie Brenson

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Kirstie Brenson
Kirstie Brenson

# Exhibit A

No. 24-1082

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Penguin Random House, LLC, et al.,
Plaintiffs-Appellees

v.

John Robbins, in his official capacity as President
of the Iowa State Board of Education, et al.,
Defendants-Appellants

___

Appeal from the United States District Court for the
Southern District of Iowa
Case No. 4:23-cv-00478
The Honorable Stephen H. Locher

___

**PLAINTIFFS-APPELLEES' SUPPLEMENTAL BRIEF**

<div style="columns:2">

Frederick J. Sperling
Adam J. Diederich
Kirstie Brenson
Meera Gorjala
ARENTFOX SCHIFF LLP
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
(312) 258-5500

Mark E. Weinhardt
Todd M. Lantz
Jason R. Smith
THE WEINHARDT LAW FIRM
2600 Grand Avenue, Suite 450
Des Moines, Iowa 50312
(515) 244-3100

Christy A.A. Hickman
Becky S. Knutson
Katherine E. Schoolen
Iowa State Education Association
777 Third Street
Des Moines, Iowa 50309
(515) 471-8004

</div>

*Counsel for Plaintiffs-Appellees*

Plaintiffs-Appellees (the "Penguin Plaintiffs") submit this supplemental brief to correct a misstatement made by Defendants-Appellants (the "State Defendants") at oral argument concerning whether the Penguin Plaintiffs apprised the district court of the proper standard for facial challenges to First Amendment restrictions.

**I.    The State Defendants' Misstatement At Oral Argument.**

At oral argument in this case, the Court asked the State Defendants whether *Broadrick v. Oklahoma* was cited in the memos submitted to the district court. Audio Recording of Oral Argument at 5:07-5:16. The State Defendants responded that *Broadrick* was not cited in the memos. *Id*. at 5:15-5:18. That statement was incorrect.

The Penguin Plaintiffs specifically cited and quoted from *Broadrick* to the district court in support of their argument that the "Age-Appropriate Standard"[1] of SF496 facially violates the First Amendment under the overbreadth doctrine:

> A statute that burdens otherwise-protected speech is facially invalid when that burden is not only real but "substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). The overbreadth doctrine bars the state from restricting even unprotected speech where "a substantial amount of protected speech is prohibited or chilled in the process." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002).

---

[1] The Age-Appropriate Standard requires Iowa school districts to remove all books that contain a description of a "sex act," regardless of the value of the book as a whole or the age of the reader.

App. 668; R. Doc. 34, at 30. The Penguin Plaintiffs presented this same standard in their Brief to this Court. Plaintiffs-Appellees' Br. at 39 (citing and quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010), and *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002)).[2]

Out of concern that the proper standard for First Amendment facial challenges was not presented to the district court, this Court stated that "the district court was dealt a bad hand." Audio Recording of Oral Argument at 5:20-5:23. But the district court was not dealt a bad hand. The Penguin Plaintiffs presented the proper standard to the district court, and the district court properly applied that standard.

Like the Supreme Court in *United States v. Stevens*,[3] this Court has applied the overbreadth doctrine in affirming grants and reversing denials of facial challenges to statutes that restrict speech protected under the First Amendment. *See, e.g.*, *Dakotans for Health v. Noem*, 52 F.4th 381, 388 (8th Cir. 2022) (affirming preliminary injunction on facial challenge to statute restricting speech because such statutes "may be invalidated as overbroad if a substantial number of its applications

---

[2] A different, more restrictive standard generally applies to typical facial challenges that do not involve First Amendment rights. *Stevens*, 559 U.S. 460, 472-73.

[3] *See also, e.g.*, *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786, 792 (2011) (citing *Stevens* and affirming First Amendment facial challenge on state law restricting the sale or rental of violent video games to minors); *Ashcroft v. Free Speech Coalition*, 535 U.S. at 244 (affirming judgment that statutory provisions were facially overbroad).

3

are unconstitutional, judged in relation to the statute's plainly legitimate sweep" (citations and quotations omitted)); *Willson v. City of Bel-Nor, Missouri*, 924 F.3d 995, 1002-1003 (8th Cir. 2019) (reversing denial of motion for preliminary injunction because plaintiff was likely to succeed on the merits of his First Amendment facial challenge because "the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep"); *Missourians for Fiscal Accountability v. Klahr*, 892 F.3d 944, 948 (8th Cir. 2018) (affirming grant of summary judgment on First Amendment facial challenge based on the standard set forth in *Stevens*).

The Supreme Court has explained that facial challenges are an important tool to protect First Amendment rights when a law restricts and chills a substantial amount of protected speech. *See*, *e.g.*, *Ashcroft v. Free Speech Coalition*, 535 U.S. at 244 ("The Constitution gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere."); *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) ("Many persons, rather than undertake the considerable burden (and sometimes risk) of vindicating their rights through case-by-case litigation, will choose simply to abstain from protected speech, harming not only themselves but society as a whole, which is deprived of an uninhibited marketplace of ideas.").

## II. The District Court Properly Identified And Applied The Standard For Facial Challenges.

The district court properly identified the standard established by the Supreme Court and applied by this Court for facial overbreadth challenges. *See* App. 1100-101; R. Doc. 56, at 35-36 (explaining that Plaintiffs' First Amendment overbreadth challenge of the Age-Appropriate Standard required the court to "analyze whether a 'substantial number' of the applications of Senate File 496 are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep'" (citing *Stevens*, 559 U.S. at 473)).

As this Court requires, the district court made the requisite threshold finding for a facial challenge: that there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court." *See Willson*, 924 F.3d at 1002 (citation omitted). The district court correctly concluded that the Age-Appropriate Standard "has a staggeringly broad scope" (App. 1101; R. Doc. 56, at 36)—broader than those at issue in any other case concerning the removal of books from school libraries. *See* App. 1093; R. Doc. 56, at 28 ("The State Defendants have not identified, nor has the Court been able to locate, a single case upholding school library restrictions as broad as those set forth in Senate File 496."). The Penguin Plaintiffs' facial challenge to the Age-Appropriate Standard is proper because it is a statewide mandate with "across-the-board implications for publishers, authors, teachers, and students—as opposed to an

5

isolated decision about an individual book by a local school board." App. 1095; R. Doc. 56, at 30. *See also*, *e.g.*, Plaintiffs-Appellees' Br. at 38-39 (quoting *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392-93 (1988)).

Other cases concerning the ad hoc removal of a few books from school libraries based on the discretion afforded school districts and librarians, such as *Little v. Llano County*, 2024 WL 2860213 (5th Cir. June 6, 2024), are fundamentally different than this case. Those cases involve as-applied challenges because in those situations—unlike in this case—there was no statutory provision mandating that library books be removed. And in those cases—unlike this case—only a small number of books were removed pursuant to the discretion that has historically been afforded to school librarians.[4] *See*, *e.g.*, Plaintiffs-Appellees' Br. at 30-31; Plaintiffs-Appellees' Response to 28(j) Citation.

In contrast, the Age-Appropriate Standard requires school librarians to remove hundreds of books that the librarians had already determined have value and should be available in school libraries for students who choose to read them. The district court explained that SF496 was "an across-the-board solution . . . for a

---

[4] At oral argument, the Court referred to *Doe v. South Iron R-1 School Dist.*, 498 F.3d 878, 880, 884 (2007), in which it affirmed an as-applied challenge under the Establishment Clause to a single school district's practice allowing the distribution of "Gideons Bibles" to fifth-grade students in classrooms during the school day. In contrast, this case involves mandatory library book restrictions in a statutory provision that affects hundreds of school districts.

problem that local school boards apparently did not believe existed in the first place" and that it displaced "local decision-making by local officials." App. 1093; R. Doc. 56, at 28. The Age-Appropriate Standard eliminates the librarian's discretion that is critical to libraries' missions, because it requires the wholesale content-based removal of books without regard for their value or the individualized consideration of a student's age, maturity, reading level, interests, and life experiences. *See* Plaintiffs-Appellees' Br. at 9-10.

After determining the correct standard for the Penguin Plaintiffs' First Amendment facial challenge, the district court carefully and thoughtfully applied the standard. *See* App. 1100-103; R. Doc. 56, at 35-38. In particular, the district court explained that the Age-Appropriate Standard is facially overbroad because it disregards the *Miller* test for obscenity as applied to minors that both the Supreme Court and this Court have adopted.[5] *See, e.g.*, *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 213–14 (1975); *Upper Midwest Booksellers Ass'n v. City of Minneapolis*, 780 F.2d 1389, 1392 (8th Cir. 1985). The Age-Appropriate Standard requires the

---

[5] As the Penguin Plaintiffs explained in their brief, the Age-Appropriate Standard also fails under the considerations that the Supreme Court set forth in *Board of Education, Island Trees Union Free School District Number 26 v. Pico*, 457 U.S. 853 (1982). *See id.* at 871 (suggesting that school districts may be able to remove library books that are "pervasively vulgar" or not "educational[ly] suitab[le]"). *Pico*'s "pervasively vulgar" and "educational[ly] suitab[le]" factors are consistent with the third prong of *Miller*, which requires consideration of the value of the work as a whole—a consideration that the Age-Appropriate Standard forbids school librarians from taking into account. *See* Plaintiffs-Appellees Br. at 33-34.

7

removal of every book with any description of a "sex act" for all students, regardless of the value of the book as a whole.

As the district court explained:

> Although the State Defendants attempt to justify Senate File 496 by reference to a few books with extensive descriptions or visual depictions of sexual conduct, the statute sweeps far more broadly and includes books that have as little as a single sentence describing a sex act. To that end, in contrast to the relatively small number of books identified by the State Defendants that they believe are highly vulgar, the Penguin House Plaintiffs have identified dozens—if not hundreds—of books that have been removed from one or more school districts despite undeniable political, artistic, literary, and/or scientific value. This includes books and materials that: (a) are commonly covered on high school Advanced Placement exams, such as *The Color Purple*, *Native Son*, *The Handmaid's Tale*, *As I Lay Dying*, *Beloved*, *1984*, and *Brave New World*; (b) address bullying, racism, sexual assault, and other forms of trauma, such as *Nineteen Minutes*, *I Know Why the Caged Bird Sings*, *The Bluest Eye, Song of Solomon, Speak*, *Shout*, *Push*, *Looking for Alaska*, *The Fault in Our Stars*, and *Last Night at the Telegraph Club*; (c) are designed to help students understand the human body and human anatomy, such as *The Way We Work: Getting to Know the Amazing Human Body*; (d) are designed to help people avoid being victimized by sexual assault, such as *Sexual Predators* and *The Truth About Rape*; (e) depict important historical events, such as *Night* and *The Rape of Nanking*; and (f) are widely recognized as classic works of literature or cinema, such as *Ulysses*, *The Picture of Dorian Gray*, *Animal Farm*, *Forrest Gump*, and *Memoirs of a Geisha*.

App. 1102-103; R. Doc. 56, at 37-38. The district court correctly concluded that the "imbalance between the number of books identified by the State Defendants as justifying the restriction" (which the district court had earlier found was a "small handful," App. 1100; R. Doc. 56, at 35) and "the number of books identified by the Penguin House Plaintiffs as having been swept up in it show that a 'substantial number' of the applications of Senate File 496 are unconstitutional when 'judged in

relation to the statute's plainly legitimate sweep.'" App. 1103; R. Doc. 56 at 38 (quoting *Stevens*, 559 U.S. at 473).

**CONCLUSION**

After correctly applying the proper standard under which to analyze a facial challenge to a First Amendment restriction, the district court correctly concluded that, under that standard, the preliminary injunction was necessary to prevent the irreparable harm to the Penguin Plaintiffs and numerous others throughout the State of Iowa that the Age-Appropriate Standard was causing and would cause in the future.

SF496 has resulted in the removal of hundreds of books that should never have been removed from school libraries and would not have been removed if the Age-Appropriate Standard had not mandated it. Relegating the Penguin Plaintiffs to a series of expensive and time-consuming as-applied challenges concerning individual school districts and individual books would compound the harm that has occurred and deprive the Penguin Plaintiffs and numerous others of their First Amendment rights.

At oral argument, the State Defendants stated that the Iowa legislature seeks to follow the law and asked this Court to provide it with guidance as to the proper constitutional standard for the removal of books from school libraries. Audio Recording of Oral Argument at 10:35-11:30. This Court should do so by affirming

9

the district court's application of the *Miller* test as applied to minors consistent with prior cases adopting that test by both the Supreme Court and this Court.

Dated: June 18, 2024

/s/ Frederick J. Sperling
Frederick J. Sperling
Adam J. Diederich
Kirstie Brenson
Meera Gorjala
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5500
frederick.sperling@afslaw.com
adam.diederich@afslaw.com
kirstie.brenson@afslaw.com
meera.gorjala@afslaw.com

Mark E. Weinhardt
Todd M. Lantz
Jason R. Smith
The Weinhardt Law Firm
2600 Grand Avenue, Suite 450
Des Moines, Iowa 50312
Tel: (515) 244-3100
mweinhardt@weinhardtlaw.com
tlantz@weinhardtlaw.com
jsmith@weinhardtlaw.com

*Attorneys for Plaintiffs- Appellees*

Christy A.A. Hickman
Becky S. Knutson
Katherine E. Schoolen
Iowa State Education Association
777 Third Street
Des Moines, Iowa 50309
Tel: (515) 471-8004
christy.hickman@isea.org
becky.knutson@isea.org

katie.schoolen@isea.org

*Attorneys for the Educator
Plaintiffs-Appellees*